UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANTHONY LOWERY                          CIVIL ACTION

VERSUS                                  NO: 15-1120

DIVORCE SOURCE, INC.                    SECTION: "J"(2)

## ORDER & REASONS

Before the Court are a *Motion to Dismiss the First Amended Complaint* (**Rec. Doc. 16**) filed by Defendant, Divorce Source, Inc., and an *Opposition* thereto (**Rec. Doc. 17**) by Plaintiff, Anthony Lowery. Also before the Court are Plaintiff's *Motion for Extension of Time to File for Class Certification* **(Rec. Doc. 12)** and Defendant's *Opposition* thereto **(Rec. Doc. 15)**. Also before the Court is a *Motion for Leave to File Reply* by Defendant **(Rec. Doc. 19)**. Having considered the motions, the parties' submissions, the record, and the applicable law, the Court finds, for the reasons expressed below, that Defendant's motion to dismiss should be **GRANTED IN PART AND DENIED IN PART** and Plaintiff's motion should be **DENIED**.

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

This matter arises from Plaintiff's use of Defendant's website, www.3stepdivorce.com. In August of 2014, Plaintiff wished to obtain a divorce. (Rec. Doc. 14 at 2.) For that

purpose, he visited Defendant's website, which described itself as a money-saving alternative to lawyers. *Id.* at 1. Plaintiff answered a series of questions and received automatically generated forms that Defendant's website claimed were "ready to be filed." *Id.* at 3. The questions asked Plaintiff about his personal life, marital status, children, and property. *Id.* After answering the questions, Plaintiff received a Petition for Divorce, an Acceptance of Service and Waiver of Citation, a Preliminary Default, a Judgment of Preliminary Default, a Motion for Confirmation of Judgment by Default, and a Judgment of Divorce. *Id.* Defendant charged Plaintiff $299.00 for its services. *Id.*

Plaintiff filed the present lawsuit in this Court on April 8, 2014. (Rec. Doc. 1.) Defendant filed a Motion to Dismiss for Failure to State a Claim on June 19, 2015. (Rec. Doc. 6.) Plaintiff subsequently filed an Ex Parte Motion to Amend Complaint on August 4, 2015, as well as a Motion for Extension of Time to File for Class Certification. (Rec. Docs. 10, 12.) This Court granted Defendant's Motion to Dismiss and Plaintiff's Motion to Amend on August 5. (Rec. Doc. 13.)

The same day, Plaintiff filed his First Amended Complaint, alleging causes of action against Defendant sounding in

contract. (Rec. Doc. 14.) Plaintiff alleged (1) that the contract between himself and defendant was absolutely null and (2) that the contract was relatively null because Defendant committed fraud. *Id.* The Plaintiff also asserted class action claims. *Id.* Defendant filed the instant motion on August 19, 2015, requesting that the Court dismiss Plaintiff's First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). (Rec. Doc. 16.)

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005). The allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

"Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim which would entitle him to relief." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citing *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561 (5th

Cir. 1998)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S.at 678.

## DISCUSSION

### A. Absolutely null contract

Plaintiff argues that its contract with Defendant is absolutely null because it violates a statute intended to protect the public, Louisiana Revised Statute § 37:213. This statute forbids the practice of law by nonlawyers. La. Rev. Stat. § 37:213. Defendant argues that Plaintiff fails to state a claim for absolute nullity because the practice of law is

defined by the Louisiana Supreme Court, and Defendant did not engage in the practice of law according to the Supreme Court's definition. Accepting all facts in the Plaintiff's First Amended Complaint as true, the complaint states a claim for absolute nullity of contract.

In Louisiana, lawful cause is a required element for formation of a valid contract. La. Civ. Code art. 1966. A contract that lacks lawful cause is an absolute nullity, meaning that it cannot be confirmed by the parties. La. Civ. Code arts. 29, 30. An absolutely null contract is treated as if it were never made, and the parties are restored to the positions they occupied before the contract. La. Civ. Code art. 2033. Cause is defined as "the reason why a party obligates himself." La. Civ. Code art. 1967. The cause of an obligation is unlawful when enforcement of the obligation would result in a violation of a law or public policy. La. Civ. Code art. 1968.

Louisiana statutes define the unauthorized practice of law and the penalties associated with violation of the statutes. La. Rev. Stat. § 37:212, *et seq*. As the Louisiana Supreme Court recognized, "The condemnation of the unauthorized practice of law is designed to protect the public from legal services by persons unskilled in the law." *Louisiana State Bar Ass'n v.*

*Edwins*, 540 So. 2d 294, 299 (La. 1989). Thus, the statutes are designed to serve a public purpose, and enforcing an obligation that violates the statutes would produce a result contrary to public policy. *See* La. Civ. Code art. 1968. Because such a contract lacks lawful cause, it is an absolute nullity.

The "practice of law," defined in § 37:212, includes the following activities: "For a consideration, reward, or pecuniary benefit, present or anticipated, direct or indirect … [i]n behalf of another, the drawing or procuring, or the assisting in the drawing or procuring of a paper, document, or instrument affecting or relating to secular right." Plaintiff's First Amended Complaint alleges that Defendant, through its website, provided him with a Petition for Divorce and other forms to be used to obtain a divorce. (Rec. Doc. 14 at 5.) In return, Plaintiff paid $299.00. *Id.* at 6. This exchange would be considered the "procuring" of a document "affecting or relating to a secular right" in return for "pecuniary benefit." As such, Plaintiff's First Amended Complaint states a cause of action for absolute nullity of contract.

Defendant argues that Plaintiff's complaint should be dismissed because it fails to allege that Defendant engaged in the unauthorized practice of law as defined by the Louisiana

Supreme Court. According to Defendant, the court has the ultimate power to define the practice of law in Louisiana. That definition includes the exercise of professional judgment of a lawyer. *Edwins*, 540 So. 2d at 299. Defendant argues that it did not exercise professional judgment because its forms are automatically completed according to information inputted by the website's users. Because Plaintiff failed to allege the exercise of professional judgment, Defendant argues that the complaint should be dismissed.

Defendant's argument conflates the standards for attorney ethics with the interpretation of a Louisiana criminal statute. The Louisiana Supreme Court jurisprudence on the unauthorized practice of law relates to its role as enforcer of attorney disciplinary proceedings. *See Edwins*, 540 So. 2d at 300. The cases cited by Defendant are relevant to the interpretation of § 37:213 in the disciplinary context, but they have no bearing on the interpretation of the statute in this case. *See also Alco Collections, Inc. v. Poirier*, 95-2582, p. 11 (La. App. 1 Cir. 9/27/96); 680 So. 2d 735, 743 ("Any contract made by a non-lawyer to render services in violation of [La. Rev. Stat. § 37:213] is [absolutely null] for an unlawful cause."). For these

reasons, Plaintiff's First Amended Complaint states a claim for absolute nullity of contract.

## B. Fraud

Defendant argues that Plaintiff's complaint fails to state a claim for fraud under Louisiana Civil Code article 1953. To form a valid contract, the parties must give their consent. La. Civ. Code art. 1927. Consent is vitiated when it is given in error, when the error is induced by fraud, or when consent is given under duress. La. Civ. Code art. 1948. The Code defines "fraud" as "a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other." La. Civ. Code art. 1953. The error induced by fraud must concern "a circumstance that has substantially influenced consent." La. Civ. Code art. 1955. When consent is vitiated by fraud, the contract is relatively null, and the party who did not freely consent can request rescission. La. Civ. Code art. 2031.

The Federal Rules of Civil Procedure require a heightened standard for pleading fraud. Rule 9(b) provides, "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may

be averred generally." Fed. R. Civ. P. 9(b). In the Fifth Circuit, this requires the plaintiff to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *ABC Arbitrage Plaintiffs Group v. Tchuruk*, 291 F.3d 336, 349 (5th Cir. 2002). Specifically, the plaintiff must plead the "time, place and contents" of the false statements, the identity of the person making the representation, and what that person obtained by making the statements. *Id.*

Plaintiff's First Amended Complaint specifies several false statements made by Defendant, as well as potential motivations for the statements. Plaintiff alleges that the Defendant made fraudulent statements on its website, which Plaintiff accessed on or around August 25, 2014. (Rec. Doc. 14 at 2, 7.) These allegations identify the speaker, as well as the time and place of the false statements. Plaintiff also avers that Defendant's "promotional representations" falsely asserted that its products were valid and legal. *Id.* at 8. Such statements include false representations that the documents were "ready to file" and that they would be "court approved." *Id.* at 3, 4. These allegations identify the contents of the false statements.

Plaintiff alleges that Defendant "sought to obtain money for the legal documents," which satisfies the requirement that the plaintiff explain what the person making the statements obtained. *Id.* at 8. Finally, the complaint avers that "Plaintiff is unable to file with any court the legal documents [that] he obtained from the Defendant, in that so doing would further contribute to the illegal fraud being perpetrated by the Defendant." *Id.* This allegation explains "why the statements were fraudulent" or why they were misleading.

The First Amended Complaint also contains allegations suggesting that Defendant suppressed the truth, thus engaging in fraud by silence or inaction. *Id.* at 7, ¶¶ 53-55, 57-58. However, Louisiana law recognizes fraud by silence only when the defendant had a duty to disclose the truth to the plaintiff. *Markey v. Hibernia Homestead Ass'n,* 186 So. 757, 764 (La. App. Orl. Cir. 1939). Plaintiff failed to allege that Defendant owed him such a duty. Therefore, the First Amended Complaint fails to state a claim for fraud by silence.

Further, Defendant argues that the complaint fails to state a claim because Plaintiff could have ascertained the truth about its services without difficulty, inconvenience, or special skill. However, Plaintiff alleges that he "had no concept or

10

knowledge of what documents needed to [be] drafted and filed" to obtain a divorce. (Rec. Doc. 14 at 3.) The complaint also claims that Defendant emphasized the validity and legality of its products. *Id.* at 4, 8. Accepting these allegations as true, Plaintiff may not have been able to ascertain the truth without difficulty, inconvenience, or special skill. At this stage in the proceedings, Plaintiff states a claim for fraud. For this reason, he also states a claim for attorney fees under Louisiana Civil Code article 1958.

## C. Class action relief

Defendant argues that Plaintiff's claims for class action relief should be dismissed because (1) Plaintiff has not asserted any valid individual claims and lacks a right to seek class relief, (2) Plaintiff failed to move timely for class certification, and (3) Plaintiff cannot enforce other state statutes prohibiting the unauthorized practice of law on behalf of class members. As explained above, Plaintiff's First Amended Complaint states claims for absolute nullity of contract and fraud. Thus, Defendant's first argument fails.

However, Defendant's second argument has merit. Plaintiff initially filed his complaint on April 8, 2015. (Rec. Doc. 1.) Pursuant to Local Rule 23.1(B), Plaintiff was required to move

for class certification within 91 days of filing his complaint, unless the court extended the deadline for good cause shown. LR 23.1. "Good cause" means that the party could not meet the deadline, despite his exercise of due diligence. *Restreppo v. Al-Mona, Inc.*, No. 11-1422, 2012 WL 1941926, at *1 (E.D. La. May 29, 2012). Courts of this district routinely deny untimely motions to extend the deadline for class certification. *See, e.g.*, *McGuire v. Gulf Stream Coach, Inc.*, No. 06-5659, 2007 WL 1198935, at *1 (E.D. La. April 20, 2007); *Lauer v. Chamale Cove*, No. 06-1423, 2007 WL 203974, at *1 (E.D. La. Jan. 24, 2007). The courts require plaintiffs either to file for class certification or file motions to extend the deadline within 91 days. *Restreppo*, 2012 WL 1941926, at *1-2.

Plaintiff should have filed his Motion for Extension of Time by July 8, 2015, regardless of the difficulties he faced in filing for class certification. Plaintiff failed to show good cause and due diligence. Nothing precluded Plaintiff from filing the motion for extension before the deadline. Because the motion was untimely, it is denied. Accordingly, Plaintiff's claims for class relief are dismissed.

Because Defendant's second argument has merit, it is unnecessary to consider its third argument regarding Plaintiff's

ability to enforce other state statutes prohibiting the unauthorized practice of law.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion to Dismiss* is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's *Motion for Extension of Time to File Class Certification* is **DENIED**. Plaintiff's class action claims are **DISMISSED**. Defendant's *Motion for Leave to File Reply* **(Rec. Doc. 19)** is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the parties submit additional briefing addressing the issue of whether federal subject matter jurisdiction exists over Plaintiff's claims **on or before Friday, September 25, 2015**. Each party's brief shall not exceed ten (10) pages in length and should be submitted through the Court's electronic filing system.

New Orleans, Louisiana this 11th day of September, 2015.


CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

13